## Case No. 11,466.

### In re PULVER.

[1 Ben. 381; 1 N. B. R. 46; Bankr. Reg. Supp. 11; 14 Pittsb. Leg. J. 589; 6 Int. Rev. Rec. 76; 24 Leg. Int. 292.] [1]

District Court, S. D. New York. Sept. 2, 1867.

BANKRUPTCY PRACTICE — DUTY OF REGISTERS — STATEMENT OF RESIDENCE OF CREDITORS — NOTICE—MARSHAL'S RETURN.

1. Where the petition in bankruptcy stated the present residences of certain creditors to be unknown, but gave their former residences: *Held*, that the statement as to the present residence was sufficient; that the statement of the previous residence was surplusage; and that the bankrupt should show, either in the schedules attached to his petition or in a separate affidavit, what efforts he had made to find the present residence.

2. The marshal's return to the warrant, though not conclusive, is sufficient to authorize the register to proceed, if it shows due service and publication.

3. The marshal should copy into the notices the exact language used in the warrant, but immaterial variances are to be disregarded by the register.

4. Registers in bankruptcy should certify to the court only questions which actually arise.

In this case, the petitioner [John Pulver] was adjudged a voluntary bankrupt, July 6th, 1867. On the same day a warrant was issued to the marshal. The return day of the warrant, that is, the day for the first meeting of creditors, was August 27th, 1867. The register sent to the court a certificate dated that day, stating that, in the course of the proceedings before him, thirteen questions arose, which were set forth in a statement annexed to the certificate, and that the questions were pertinent to the proceedings, and were stated on the part of the bankrupt. The register then went on to state his opinion upon each of the thirteen questions, and concluded by saying that the bankrupt requested that the same should be certified to the judge for his opinion thereon.

BLATCHFORD, District Judge. It is manifest, from the face of the statement annexed to the certificate of the register, that several of the questions stated are purely hypothetical, and did not arise in the course of the proceedings before the register. The meeting on the 27th of August was the first meeting of creditors. So far as appears, no creditor proved a debt, or attended, or was represented before the register. The only questions, therefore, which could properly come up before the register, were questions as to the petition and schedules, and questions under the twelfth section of the act [of 1867 (14 Stat. 522)], connected with the return by the marshal of the warrant and of his doings thereon, and as to whether the notice to the creditors had been given as required in the warrant. It is not proper for

the register to certify to the court for decision every question which the bankrupt or any other party may choose to raise. The fourth and sixth sections of the act contemplate the certifying only of questions which actually arise. The questions which can be certified, are: (1) Any issue of fact or of law raised and contested by any party to the proceedings; but it must be an issue actually raised and existing, and one which has arisen out of proceedings which have taken place, and not an issue likely to arise, or which may be raised thereafter. (2) Any point or matter arising in the course of the proceedings or upon the result of the proceedings; but it must be a point or matter which has arisen in the course of proceedings which have taken place, or a point or matter which has arisen upon and after the result of proceedings which have taken place, and not a point or matter likely to arise, or which may be raised thereafter, or after a result shall have been arrived at. (3) Any question, stated by consent by the parties concerned, in a special case; but it must be a question to which there are two parties, and one which has arisen out of proceedings which have taken place. No other practice is sanctioned by the act, and any other practice would lead to a great waste of time, and to great delay and expense. Nothing is to be certified or decided except what is necessary to be decided to enable the case to progress properly. Questions which thus necessarily arise, are to be decided as, and when, they thus arise, and are not to be anticipated. The register ought to hold parties strictly to this practice, and to refuse to certify any question except in accordance with it. Subject to these principles, the questions certified in this case will be considered.

The bankrupt sets forth eleven debts in his petition. In regard to debts Nos. 1, 2, 3, 4, 5, 7, 8, and 10, he states in his petition that he does not know the present residences of the creditors. In regard to debts Nos. 1, 2, and 4, he states in his petition where he thinks the creditors formerly resided. In regard to debts Nos. 3 and 10, he states in his petition where the creditors formerly resided; and, in regard to debt No. 10, he further states therein, that the creditor moved from his former residence to the state of Michigan, and that he had heard that he was dead. In regard to debts Nos. 1, 2, 3, 4, 5, 7, and 8, the warrant states that the present residences of the creditors are unknown. In regard to debts Nos. 1, 2, and 4, the warrant states that the petitioner thinks the creditors formerly resided in the places where the petition states he thinks they formerly resided; and, in regard to debt No. 3, it states that he thinks the creditor formerly resided in the place where the petition states he formerly resided. In regard to debt No. 10, the warrant states as follows: "Did live in ——, Michigan; present residence un-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 24 Leg. Int. 292, contains only a partial report.]

known, if living." In the notices served by the marshal on the creditors, the residences of the creditors in debts Nos. 1, 2, 3, 4, 5, 7, 8, and 10. are stated merely as "unknown." The marshal, in his return to the warrant, states, that, on the 15th of July, 1867, he "sent by mail to the creditors and others named in said warrant, a copy of the notice required thereby to be sent to or served on them, and all of the said notices were according to the directions set out in said warrant." Upon these facts the various questions certified arise.

1. The first question raised is, whether the bankrupt has, in his petition, stated in a correct form the residence of his creditors. He contends that he is not bound, under the act, to make more than ordinary inquiry as to the residence of the creditors, but is to give the facts according to the best of his knowledge, information at hand, and belief, and he refers to the provision of the eleventh section of the act, which states that he "shall annex to his petition a schedule verified by oath * * * containing a full and true statement of all his debts. and, as far as possible, to whom due, with the place of residence of each creditor, if known to the debtor, and if not known, the fact to be so stated and the sum due to each creditor." In regard to this question, the register states that he is of opinion, that the statement, by the petitioner, of the residence of his creditors, is substantially correct and sufficient; that the petitioner states the residences of creditors Nos. 1, 2, 3, 4, and 10, to be unknown to him at the time of filing the petition and schedules, and that his statement of their residences in previous years is surplusage; but that he thinks that the schedule should show that the petitioner has endeavored to ascertain the present residence of such creditors. I concur with the register in all these views. The petition (form No. 1) makes the petitioner swear that Schedule A contains a full and true statement of all his debts and (so far as it is possible to ascertain) the names and places of residence of his creditors. Rule 33 of the general orders in bankruptcy provides, that "whenever a debtor shall omit to state, in the schedules annexed to his petition, any of the facts required to be stated concerning his debts or his property, he shall state, either in its appropriate place in the schedules. or in a separate affidavit to be filed with the petition, the reason for the omission. with such particularity as will enable the court to determine whether to admit the schedules as sufficient, or to require the debtor to make further efforts to complete the same according to the requirements of the law." In view of the eleventh section of the act, and of form No. 1, and of rule 33, whenever a debtor states that the residence of a creditor is not known, he should show, in the schedules or in a separate affidavit, what efforts he has made to ascertain the present residence of the creditor, especially where he shows that he had or has information as to where the creditor once resided. The requirement of the law, as interpreted by the supreme court by form No. 1, is that the place of residence of the creditor shall be stated so far as it is possible to ascertain it; and unless the debtor shows, under rule 33, what efforts he has made to ascertain it, the register cannot determine, as he is required to do by rule 33, "whether to admit the schedules as sufficient, or to require the debtor to make further efforts to complete the same according to the requirements of the law." This rule implies clearly that the debtor must make efforts to ascertain the present residences of his creditors. and that he cannot satisfy the law by reposing on the knowledge, the information at hand, and the belief which he may possess, without making any effort to ascertain such present residences.

[2. The second question stated is whether, in the case of a person having his place of business in one place, and his residence in another, both places being known, notices may be served personally, or by mail, on the person at either place, and whether if only one of the places is known the notice may be served at that place. I do not see that any such question has arisen in this case, for it does not appear that any creditor has his place of business in one place and his residence in another. But the register states in his certificate in regard to the second question, that he is of opinion that the term "residence," as used in the act, was intended to refer to the abode of the creditor; that the post-office address of such creditor should also be stated, and that personal service may be ordered at the former, or service by mail at the latter. As the register considers these views as arising in the case on the facts stated, although I am not able to perceive how they arise on the second question, I have considered them, and concur with the register in his views.

[3. The third question stated is, whether the word "residence," as used in the act (in reference to the residence of creditors caused to be stated in the schedules), has a broader significance than the mere idea of domicil, and covers both his place of business and domicil. I am unable to perceive how this is a practical question which has arisen in this case. But the register states that in relation to this question he is of the opinion that the act intends such a statement of residence as will insure notice to the creditors, either personally or by mail. As the register regards this point as one which has arisen, I have considered it, and concur with him.] [2]

4. The next question is, whether the notice served by the marshal on one of the eleven creditors was defective, and whether, that,

---

[2] [From 1 N. B. R. 46.]

being defective, the presumption is that the notices served on the other creditors were also defective. It is alleged by the bankrupt, that the residences are stated by the petitioner in his petition according to the best of his knowledge, information and belief; that the register, in issuing the warrant, frames the notice to be given to the creditors from the petition; that the marshal has not, in this case, followed the notice required to be given by him as directed by the warrant; that the register and not the marshal frames the notice; and that the marshal has no option but to follow the notice as given in the warrant, and must follow that verbatim. The alleged discrepancy between the notice served and the warrant is alleged to be. that the notice, in the case of debts Nos. 1, 2, 3, 4, and 10, merely states that the residences of the creditors are "unknown," whereas the warrant contains, in regard to those debts, statements as to where the creditors formerly resided, in addition to statements that their present residences are unknown.

In regard to this question, the register states that he is of the opinion that the notice served is not defective; that the marshal did not err in stating the residence of creditors, Nos. 1, 2, 3, 4, 5, 7, 8, and 10, to be "unknown;" that such was the necessary inference from the statement of their residences in the schedule and warrant; that the failure to serve notices upon such creditors (if there was such failure) was not error on the part of the marshal; and that, the present residences of such creditors being unknown to him, he could not serve them with notice. The register is correct in these views.

[5. The fifth question stated is, whether the notice served under the warrant being incorrect, there must not be an adjournment of the meeting of creditors, and a new notice given, as required under section 12 of the act. In regard to this question the register states that he is of opinion that the service of notices by the messenger not being incorrect, no new notices are required, nor any adjournment for that purpose. The register is correct in his premises and in his conclusion.] [2]

6. The next question is stated thus: "If the return of the marshal to the warrant, under form No. 6, General Orders, is not conclusive proof of the regularity of service, &c., of notices (vide In re Hill [Case. No. 6,481]), how is the petitioner to know that the notices, &c., have been regularly served?" In regard to this question, the register states, that he is of the opinion that, although the return of the messenger may not be conclusive for all purposes, it is authority sufficient for the register to proceed in the matter, and if from such return it appears that the notices have been duly served and published as directed in the warrant, the creditors served should proceed to prove their claims and elect the assignee; and that, if the petitioner obtains further information as to the existence of other creditors not named in the schedules and warrant, or ascertains the actual precise residence of creditors, which had been stated therein to be "unknown," such additional facts may be presented to the register by motion to amend and for leave and time to notify such creditors. The register is correct in these views. In the Hill Case, I held that, under sections 12 and 13 of the act, the return by the marshal as to the service of notice on the creditors is not conclusive. The notice required by the warrant must be given, and, until due notice has been given by the marshal, the assignee cannot be chosen or appointed. But the marshal makes his return to the warrant, and from such return it appears whether the due notice required by the twelfth and thirteenth sections has been given. If by such return it appears that due notice has been given, the proceedings go on. If by such return it appears that due notice has not been given, the meeting is adjourned. But such return is not conclusive on the register. For if, although the return states the due giving of notice, it satisfactorily appears that due notice has not been given, the meeting must be adjourned. If, however, the return shows that due notice has been given, and there is no satisfactory evidence aliunde to show that due notice has not been given, the return is prima facie evidence of the due giving of notice, and is conclusive till rebutted, and is sufficient authority for the register to proceed and cause an assignee to be chosen or appointed.

[2] [7. The seventh question stated is, whether the notices being defective and incorrect, owing to the fault of the marshal, the petitioner should be compelled to pay the marshal's fees to remedy the defect and error. In regard to this question the register states that he is of the opinion that the notices not being defective and incorrect, and there being, therefore, no fault of the messenger, the question of the marshal's fees does not practically present itself, but that if additional creditors are discovered, or their precise residence ascertained, and new notices are given, the messenger is entitled to his additional fees for the service. The register is correct in his premises, and in his conclusions.

[8. The eighth question stated is, whether it is for the register and judge of the district court to pass upon the materiality of the defects and irregularities in cases of defects in service or in notices, and whether their decision is conclusive. In regard to this question the register states, that he is of the opinion that the opinion of the district judge and of the register upon the materiality of defects and irregularities is not conclusive. This question is a mere abstraction not arising in this case, and ought not to have been

certified. I shall express no opinion in regard to it.

[9. The ninth question stated is, whether if an irregularity in the services of notices on creditors by the marshal as messenger is not discovered at the first meeting of creditors, or until after the debtor is discharged, such irregularity will affect subsequent proceedings and the discharge. In regard to this question, the register states that he is of the opinion that if the irregularity in the service of notice is not discovered at the first meeting of creditors, but is discovered before the discharge of the bankrupt, such irregularity should be remedied by amendment, fresh service, and proceedings thereafter; but that if not discovered until after the discharge of the bankrupt, the certificate of discharge will be conclusive evidence in favor of the regularity of the discharge, and the discharge will not be invalidated unless the irregularity was of a grave and serious character, and shown to be wilful and fraudulent. The question, too, is purely an abstract one, so far as this case is concerned, and has not arisen, and should not have been certified. No opinion is given in regard to it.

[10. The tenth question is stated in these words: "Under section 12 of the act, in cases of a defect in service of notice on creditors, as required in the warrant, a new notice must be given as required. If the defect occurs in the publication of the notice required to be published, the service on the creditors being regular, a new notice must be published, but no new notices need to be served on creditors. If the defect is in the service of notice on creditors, the publication being regular, a new notice must be served on the creditors, but no new notice need be published." The "new notice" to "be given as required," need only be given to remedy the defects or irregularities in the first notice, and nothing more. Vide In re Devlin [Case No. 3,841]. In regard to this question the register states that he is of opinion that it was decided by the court in the Case of Devlin. As there was not, in this case, any defect in either the publication or the service of notice, the question is not a practical one arising in this case, and no answer is given to it.

[11. The eleventh question stated is, whether if notice fails to reach the creditor, owing to the miscarriage of notice, although properly addressed, the bankrupt will be prejudiced thereby. In regard to this question the register states that he is of the opinion that if the notice to creditors had been properly ordered, prepared, addressed, and mailed, but accidentally miscarries and fails to reach the creditor, the bankrupt's discharge should not be prejudiced by such miscarriage; and that if good faith, due diligence, and proper care are exercised, the discharge of the bankrupt shall not be invalidated. As it does not appear that any notice in this case failed through miscarriage to reach a creditor, the question is purely a hypothetical one, and

ought not to have been certified. No answer is given to it.

[12. The twelfth question is stated thus: "In this case the notice required to be published (vide warrant) is correct, and no new one need be published. The notice required to be sent to or served on the creditors is incorrect, and a new one must be served." In regard to this question, the register states that he is of the opinion that in this case no new notice is required to be published or served on the creditors named, such notices and their publication and services having been correct. The register is correct in this view.]²

13. The next question stated is, whether the notices to be published and served on creditors by the marshal as messenger, must be exact copies of the notices as contained in the warrant. In regard to this question, the register states that he is of the opinion that the messenger should copy into the notices to be published and served, the exact language contained in the warrant, but that he does not deem an immaterial variance between the warrant and the notice in reference to the residences of creditors, when not calculated to mislead, sufficient to invalidate the proceedings or the discharge. I concur with the register in the view that the messenger ought to copy into the notices, to be published and served, the exact language contained in the warrant, but that the register may disregard an immaterial variance, when not calculated to mislead. In this case, the variance in regard to the residence of the creditors was immaterial, the statement in the schedules and warrant, as to their former residences, being surplusage.

The other questions are not questions which have arisen, but are hypothetical ones, which the court is not called on to decide.